449 A.2d 620

COMMONWEALTH of Pennsylvania

v.

Robert A. DUBUISSON, Appellant.

Superior Court of Pennsylvania.

Argued March 22, 1982.

Filed Aug. 6, 1982.

Paul James Esposito, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for the Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and WATKINS, JJ.

WATKINS, Judge:

The facts in this appeal from the revocation of probation are most important: On June 23, 1978 and November 10, 1978 the defendant, Robert A. Dubuisson, choked two different women after they failed to submit to his sexual advances. He plead guilty to two counts of aggravated assault on March 29, 1979. Judge Warren Morgan sentenced him to four (4) years probation.

About one (1) year later the defendant again choked a woman into unconsciousness for failing to submit to his sexual advances. He was convicted on September 25, 1980 of simple and indecent assault. On March 4, 1981 about five (5) months after conviction on the new charges, the defendant had a probation revocation hearing before Judge Morgan. Due to his conviction on the new charges, the probation was revoked. In his sentence, the sentencing judge expressed great concern about his prior criminal record and his decision to place him on probation so that he sentenced him to the maximum of five to ten (5–10) years imprisonment. At sentencing, the court explained its sentence as follows:

"THE COURT: I can assure you that so far as this defendant is concerned we have not overlooked anything that we felt would have a bearing on the judgment we are about to pass on him today. We didn't the last time he was here. We caused a diagnostic study to be made of him. He looks as he stands before us well dressed. I have sheaves of correspondence from friends, and neighbors in regard to him; but, there is something there that they don't see that I saw the last time he was before me. The young man has had twelve adult arrests, leading to seven convictions. He has, and in ten years of experience that I have on this bench, the most shocking history of sexual and physical assaults on women. When he appeared before me in 1978 I very carefully considered his case. I was influenced by the character references and diagnostic study and I placed him on probation. I did that with apprehension and his conduct since that time has con-

firmed that my apprehension was justified. This man might have caused the death of four young women. He might be standing before me on a charge of murder. I am entirely persuaded that if I were to allow him to remain at liberty he, probably more than any other defendant who ever appeared before me for like offenses presents a real threat to the life of some woman. In my opinion the total confinement of this defendant is necessary because there is undue risk that during a period of probation or partial confinement the defendant is in need of correctional treatment that can be provided most effectively by confinement to an institution. Any lesser sentence then what we are about to impose would depreciate the seriousness of the crimes of this defendant, and the risk that we are absolutely persuaded he presents to this community."

The complaint concerning the sentence is without merit in view of Judge Morgan's colloquy.

The complaint concerning time credited is without merit. See *Gaito v. Penna. Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980) where it was held that:

"Thus, if a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new charges, the time which he spent in custody shall be credited against his original sentence.

"If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence."

Bail was set at $25,000 and the defendant failed to satisfy it. His sentence was computed from June 5, 1980.

A tripartite test is used in Pennsylvania to determine the reasonableness of the time period in revocation cases. The elements are the length of the delay, the reasons for the delay and the prejudice to the defendant. Here the length of delay was just over five (5) months. This period has not been found to be unreasonable. See *Commonwealth v. Williams*, 272 Pa.Superior Ct. 308, 415 A.2d 903 (1979).

In this case no reasons for the delay were put on the record due to the fact that no complaint of delay was made at the time of the hearing. See *Commonwealth v. Rios*, 255 Pa.Superior Ct. 556, 389 A.2d 117 (1978). Furthermore his allegations of prejudice are without merit.

Judgment of sentence affirmed.