544 A.2d 1333

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Joseph MARCHESANO, Appellee.**

Supreme Court of Pennsylvania.

Submitted Nov. 12, 1987.

Decided Aug. 10, 1988.

2

Gaele McLaughlin Barthold, Deputy Dist. Atty., Alan Sacks, Philadelphia, for appellant.

Dennis J. Cogan, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION

McDERMOTT, Justice.

The Commonwealth appeals from an order of the Superior Court which reversed an order of the Court of Common Pleas of Philadelphia County. In the latter order the trial court revoked a two-year sentence of probation imposed on appellee for burglary, and imposed a two to four year term of imprisonment for two separate convictions which occurred during the probationary term and which violated its conditions.

On September 18, 1980, Joseph Marchesano pled guilty to a charge of burglary in the Court of Common Pleas of Philadelphia. The court imposed a sentence of two years probation. On September 10, 1981, he pled guilty to charges of simple and aggravated assault, and recklessly endangering a person. He was sentenced on May 6, 1982, to one to two years of confinement for the convictions on the assault charges and given a suspended sentence on the reckless endangerment charge. At a violation of probation hearing, held on June 3, 1982, Mr. Marchesano's probation on the original burglary conviction was revoked and the court sentenced him to two years probation to run from that date concurrent with the sentence he was then serving on the assault convictions. He was subsequently arrested in Montgomery County on December 29, 1983, and charged with forgery, receiving stolen property, theft by deception, aggravated and simple assault, and possession of an instrument of crime. The following month, on January 12, 1984, he was again arrested in Montgomery County and charged with robbery, possession of an instrument of crime, terroristic threats, simple assault, theft by unlawful taking-disposition, and unauthorized use of an automobile.

On May 5, 1984, appellee was sentenced to five years probation on the December 29, 1983, charge of theft and two years probation for simple assault. The other charges from the December arrest were dismissed by entry of orders of *nolle prosequi.*

4

On June 6, 1984, appellee was found guilty on the January 12, 1984, charge of robbery, and sentenced to three and one-half to ten years confinement by the Court of Common Pleas of Montgomery County.

As a result of the convictions appellee was scheduled for a probation violation hearing on October 17, 1984, in Philadelphia. However, for some reason not disclosed in the record appellee was not transported to the court from the State Correctional Institution at Dallas, where he was serving the term of confinement imposed as a result of the June 6, 1984, conviction.

On November 28, 1984, the rescheduled violation of probation hearing was held in the Court of Common Pleas of Philadelphia. At that hearing the court revoked the probation imposed on June 3, 1982, and sentenced appellee to two to four years of confinement consecutive to any sentence he was then serving. Appellee raised no issue of denial of a right to a timely hearing during the proceeding.

On December 26, 1984, appellee, represented by new counsel, filed a motion for reconsideration of sentence, raising the issue of failure to proceed with a speedy revocation of probation hearing for the first time.[1] The court took no action on the motion, finding it untimely and the issue therefore waived.[2] Appellee then appealed to the Superior Court claiming ineffectiveness of counsel because of failure to raise the issue at the November 28, 1984, violation of probation hearing.

Superior Court agreed with the trial court and held that the substantive claim that appellee was denied his right to a

1. Pa.R.Crim.P. 1409 provides in pertinent part:
   Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole ...

2. Pa.R.Crim.P. 1410 provides that a motion to modify sentence must be filed in the sentencing court within ten (10) days after imposition of sentence.

prompt violation of probation hearing under Pa.R.Crim.P. 1409 was waived for failure to raise it at the November 28, 1984, hearing. *Commonwealth v. Marchesano,* 348 Pa.Super. 387, 395, 502 A.2d 597, 600 (1985), *citing Commonwealth v. Collins,* 492 Pa. 405, 424 A.2d 1254 (1981). The court then addressed appellee's claim of ineffective assistance.

The court first inquired into whether the claim was of arguable merit, and found that the delay in this case of five months and three weeks provided some support for appellee's claim. It went on to determine that the delay was not explained in the record and in any event was due to factors within the control of the Commonwealth. Finally, it noted that whereas appellee asserted no actual prejudice to his defense at the hearing, he nevertheless suffered some "technical prejudice" by virtue of the fact that the hearing was not conducted until almost six months after the expiration of the probationary period. It therefore found the underlying claim of arguable merit and that there was no reasonable basis for counsel's failure to pursue it. The court then remanded the case for a hearing limited to a determination of whether appellee was afforded a speedy hearing. *Marchesano, supra,* 348 Pa.Super. at 395–401, 502 A.2d at 601–04.

The Commonwealth petitioned this Court and we granted allocatur. The Commonwealth now asserts three issues: whether the Superior Court usurped the authority of this Court in creating a new judicial rule for enforcing a rule of criminal procedure; whether the court erred in misplacing the burden of proof upon the Commonwealth in appeals alleging ineffective assistance of counsel and unjustified delay in the conduct of a probation revocation hearing; and whether the court erred in granting relief solely on a finding of "technical prejudice". We need only address the last of these issues.

This case comes to us under the mantle of an ineffectiveness claim. In such a situation the burden is on the person asserting ineffectiveness to establish that: the road

6

not taken was of arguable merit; there was no reasonable basis for not taking that track; and he was prejudiced by the alleged failure of his counsel. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). In the context of this case that means that Mr. Marchesano had the burden to show that the timely assertion of a delay complaint would have changed the results of his case.

Assuming appellee's original counsel had timely asserted his delay claim it would have been evaluated under the standards set forth in *Commonwealth v. Young*, 262 Pa.Super. 253, 396 A.2d 741 (1978), which holds that the reasonableness of the delay in the holding of a revocation hearing is to be determined by an inquiry into the circumstances of the individual case. Three of the circumstances into which the court inquires are the length of the delay, the reasons which do or do not justify it, and whether the defendant was prejudiced by the delay. *Id.*, 262 Pa.Superior Ct. at 256, 396 A.2d at 742–43 (citations omitted). *See also Commonwealth v. Ruff*, 272 Pa.Super. 50, 414 A.2d 663 (1979) (six month delay reasonable without allegation of prejudice); *Commonwealth v. Johnson*, 277 Pa.Super. 88, 419 A.2d 674 (1980) (7 month and 24 day delay not unreasonable under the circumstances); *Commonwealth v. Dubuisson*, 303 Pa. Super. 145, 449 A.2d 620 (1982) (delay of 5 months without allegation of prejudice was reasonable).

The length of the delay in this case is an established fact. As for the reason for the delay, the Superior Court placed the onus of this on the Commonwealth since no actions on the part of Mr. Marchesano were to blame. Therefore, the only issue was whether Mr. Marchesano was prejudiced by the delay.

In evaluating this component of the test we must bear in mind the nature of the proceeding. Parole, as well as probation, is primarily concerned with the rehabilitation and restoration of the individual to a useful life. It is a discretionary penological measure to which a defendant has no absolute right. *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701 (1973). Thus, the controlling consideration at

a revocation hearing is whether the facts presented to the court are probative and reliable and not whether traditional rules of procedure have been strictly observed. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1983); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Commonwealth v. Quinlan,* 488 Pa. 255, 412 A.2d 494 (1980); *Kates, supra.* Prejudice in this context has been interpreted as being something which would detract from the probative value and reliability of the facts considered, vitiating the reliability of the outcome itself. One specific purpose of our rule in requiring a prompt revocation hearing is to avoid such prejudice by preventing the loss of essential witnesses or evidence, the absence of which would contribute adversely to the determination. Another is to prevent unnecessary restraint of personal liberty. *Commonwealth v. Dickens,* 327 Pa.Super. 147, 475 A.2d 141 (1984); *Commonwealth v. Ballard,* 292 Pa.Super. 129, 436 A.2d 1039 (1981).

The Superior Court was well aware of these standards, and in applying them to the facts of this case they unequivocally stated that "no actual prejudice resulted from the delay." *Commonwealth v. Marchesano, supra,* 348 Pa.Superior Ct. at 398, 502 A.2d at 602 (1986). Nevertheless, as noted above, the court found that the delay itself constituted "technical prejudice" because the revocation hearing took place after the probationary period in issue expired. The court therefore granted relief.

■ The Superior Court's analysis was tantamount to invoking a *per se* rule finding prejudice to exist whenever a revocation hearing is held after the period of probation has expired. Such a rule is without foundation.

In *Commonwealth v. Burrell,* 497 Pa. 367, 441 A.2d 744 (1982), we noted that there are valid reasons why a probationary revocation hearing may be delayed until after the expiration of the probationary period. More recently in the case of *Commonwealth v. Brown,* 503 Pa. 514, 469 A.2d

1371 (1983), this Court by implication indicated that even when there has been a violation of the speedy hearing requirement that denial in itself is not grounds for vacating the sentence imposed.[3] In addition, in *Commonwealth v. Mason,* 507 Pa. 396, 490 A.2d 421 (1985), this Court clearly disapproved of the notion of *per se* remedies for mere technical violation of the Rules of Criminal Procedure. *See also, Commonwealth v. Revtai,* 516 Pa. 53, 532 A.2d 1 (1987); *Commonwealth v. Musi,* 486 Pa. 102, 404 A.2d 378 (1979).

■ The Superior Court's analysis in this case runs directly contrary to our rationale in these cases, and we must overrule their decision. The Superior Court seems more intent on fashioning a rule than consulting precedent. Furthermore, since no actual prejudice was found to exist, nor was any alleged during the course of this appeal,[4] the failure of appellee's original counsel to assert the delay claim cannot be a basis for awarding relief on his ineffectiveness claim. *Pierce, supra.*

Consequently, the order of the Superior Court is vacated, and the order of the Court of Common Pleas of Philadelphia is reinstated.

NIX, C.J., files a concurring opinion.

**3.** In *Brown* the issue was whether the Commonwealth could attempt to revoke a person's probation following the person's acquittal on the charge which formed the basis of the alleged parole violation. This Court, applying principles of double jeopardy and collateral estoppel, answered the question in the negative. However, although the court noted that the probationer's speedy hearing right had been violated, the court did not hold that such a violation by itself constituted grounds for relief.

**4.** Since appellee pled guilty to the charges which constituted the probation violations, there was no issue of lost witnesses or lost evidence. In addition, appellee was already incarcerated as a result of convictions on the December, 1983, and January, 1984, charges. Therefore, this was not a situation where a person was subject to incarceration as a result of any delay in the revocation of probation hearing. These factors render hollow any claim of prejudice, and provide small reason for rulemaking.

NIX, Chief Justice, concurring.

I concur in the result reached by the majority. As the majority notes in footnote 4, appellant was incarcerated for other offenses at the time his probation on the 1980 burglary conviction expired. Therefore, there was no undue restraint placed upon appellant's liberty because of the Commonwealth's failure to hold the probation revocation hearing within the time prescribed by Pa.R.Crim.P. 1409. Appellant being unable to show actual prejudice as required by our recent decision in *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987), I would hold that his counsel below was not ineffective.

Were it not for Mr. Marchesano's incarceration at the time his probationary period ended, I would be unable to agree with the conclusion reached by the majority of this Court and of the Superior Court that the delay constituted a "technical prejudice." As this Court noted in *Commonwealth v. Brown*, 503 Pa. 514, 525, 469 A.2d 1371 (1983), a revocation of probation hearing involves the question of whether the probationer will or will not be denied his liberty. Given the fundamental right the Commonwealth seeks to deprive the probationer of, this Court has mandated in Rule 1409 that any hearing for the purpose of revocation be held "as speedily as possible." A failure to hold the revocation hearing within the prescribed period can never be properly deemed inconsequential, especially where the hearing is not held until after the expiration of the probationary period. Each day that a probationer must live with the specter of a further deprivation of his liberty beyond that period permitted by Rule 1409 is intolerable, just as it is intolerable for a criminal defendant to remain charged after his right to a speedy trial has been violated.

I therefore concur only in the result, and would reinstate the order of the court of common pleas.