J-S53031-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NEIL RANDELL HARRIS, | |
| Appellant | No. 274 WDA 2014 |

Appeal from the Judgment of Sentence March 12, 2013
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0016484-2002

BEFORE: DONOHUE, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED OCTOBER 17, 2014**

Appellant, Neil Randell Harris, appeals from the judgment of sentence imposed following the revocation of his probation.[1] Specifically, he challenges the weight of the evidence. We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant incorrectly appeals from the order of January 10, 2014, which denied his motion to modify sentence *nunc pro tunc*. The court imposed sentence on March 12, 2013. (**See** N.T. Probation Violation/Sentencing, 3/12/13, at 8). In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions. **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001), *appeal denied*, 800 A.2d 932 (Pa. 2002) (citing **Commonwealth v. Chamberlain**, 658 A.2d 395, 397 (Pa. Super. 1995)). We have corrected the caption accordingly.

On August 4, 2003, Appellant entered into a negotiated guilty plea to sexual assault, 18 Pa.C.S.A. § 3124.1, aggravated indecent assault, 18 Pa.C.S.A. § 3125(a)(7); indecent assault, 18 Pa.C.S.A. § 3126, and corruption of minors, 18 Pa.C.S.A. § 6301. (*See* Sentencing Order, 8/04/03). The court sentenced him to a term of not less than three and one-half years' nor more than seven years' incarceration, concurrent to a term of ten years' probation on the first count.[2] (*See id.*). The court imposed no further penalty on the remaining counts. (*See id.*). The charges arose out of an incident with his then-girlfriend's twelve year old daughter. (*See* Trial Court Opinion, 4/24/14, at 1).

The trial court further notes that Appellant was initially paroled on October 7, 2007, but subsequently was arrested and returned to prison after the court found him to be in technical violation of his parole and probation. (*See id.*). Appellant was re-paroled on September 7, 2010.

Appellant concedes that on March 22, 2012, he was detained after he was determined to be deceptive in a voluntary polygraph examination administered as part of his required sex-offender treatment. (*See* Appellant's Brief, at 6).

_____

[2] As part of the negotiated plea, the Commonwealth amended the first count from involuntary deviate sexual intercourse, forcible compulsion, 18 Pa.C.S.A. § 3123(a)(1), to sexual assault. (*See* Sentencing Order, *supra*; *see also* Criminal Docket No. CP-02-CR-0016484-2002 at 2; Criminal Information, 8/04/03).

At a hearing on February 12, 2013, Supervising Agent Timothy Waugaman, Forensic Case Manager Frank DeAngelis and Mercy Health Program Manager Rita Lukas, testified to Appellant's failure to achieve successful completion of the required sex offender treatment program, and his possession of prohibited property (cell phones and a knife). Appellant was discharged from the treatment program as "unsuccessful" after his responses to a voluntary polygraph examination administered as part of the same program were determined to be deceptive. (*See* N.T. Hearing, 2/12/13, at 3). He was also found to be in possession of one or more cellular telephones (at least one with Internet capability), and a serrated knife, both in violation of the terms of probation. (*See id.*). The court continued the hearing for a month to allow defense counsel an opportunity to find another treatment program, but the search was unsuccessful. (*See* N.T. Hearing, 3/12/13, at 3; *see also* Commonwealth's Brief, at 4).

On March 12, 2013, with the benefit of a pre-sentence investigation report, the court again found Appellant to be in violation of the technical terms of his probation and resentenced him to a term of not less than one nor more than three years' incarceration, with 356 days' credit for time served. (*See* N.T. Hearing, 3/12/13, at 5, 8-9).

Notably, when Appellant asked for leniency, the court replied, in pertinent part: "Mr. Harris, there's nothing there [ ] for anyone to be lenient about. Give me something that would indicate anything about you complying with the rules and regulations of the orders that you've been

given. You disobey everything and you do pretty much whatever you choose." (***Id.*** at 5).

Appellant filed a *pro se* "Motion to Appeal Probation Violation" on April 4, 2013. This motion was rejected as untimely. Appellant filed a complaint against his counsel with the Disciplinary Board of the Supreme Court of Pennsylvania.

On June 12, 2013, the PCRA court appointed current counsel, Attorney Ryan H. James, who filed an amended PCRA petition on November 6, 2013, seeking the restoration of Appellant's right to file a post-sentence motion. The Commonwealth did not object. On December 6, 2013, the court reinstated Appellant's right to file post-sentence motions *nunc pro tunc*. Appellant filed a counseled motion, including a challenge to the weight of the evidence, which the PCRA court denied on January 10, 2014. Appellant timely appealed, on February 7, 2014.[3]

Appellant raises one question for our review on appeal, which we recite verbatim:

> A revocation of probation, like a verdict, is against the weight of the evidence if it is so contrary to the evidence to shock one's conscience or sense of justice. Was the revocation of Appellant's probation, and resulting sentence, against the weight of the evidence where Appellant was adjudicated based

---

[3] Appellant filed a timely concise statement of errors on March 14, 2014. ***See*** Pa.R.A.P. 1925(b). The PCRA court filed an opinion on April 24, 2014. ***See*** Pa.R.A.P. 1925(a).

upon unreliable testimony and possession of common, everyday items?

(Appellant's Brief, at 4).[4]

Our standard of review of an appeal from a sentence imposed following the revocation of probation is well-settled:

> Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b). Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

***Commonwealth v. Simmons***, 56 A.3d 1280, 1286-87 (Pa. Super. 2012),

*affirmed per curiam*, 91 A.3d 102 (Pa. 2014), *petition for cert. filed* July 22,

2014 (case citations omitted).[5]

_____

[4] Appellant expressly abandoned a challenge to the sufficiency of the evidence. (***See*** Appellant's Brief, at 4 n.1).

[5] Judge Donohue's concurring statement takes issue with our recitation of the standard of review. We respectfully disagree.

First, and foremost, as recognized by Judge Donohue, the distinction she proposes is not germane to this case (which challenges only weight of the evidence, not the discretionary aspects of sentence). (***See*** Concurring Statement, at 2). Therefore, at best, reference to a discretionary sentence challenge, in this case, would be mere *dicta*. Furthermore, as also recognized in the concurring statement, ***Cartrette*** itself addresses the scope of review, not the standard of review. (***See id.***) ("this Court's **scope** of review . . . includes discretionary sentence challenges.") (emphasis added). "Pointedly, those few cases that use the abbreviated **scope** of review **where a discretionary sentencing claim is in question** have not declined to consider the merits of the issue because it was outside the court's **scope** of
*(Footnote Continued Next Page)*

- 5 -

Furthermore,

[T]he reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated:

A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to

*(Footnote Continued)* ———————————

review." ***Cartrette***, ***supra*** at 1034 (emphases added). Here, unlike ***Cartrette***, no discretionary sentencing claim is in question.

Reference to ***Holt v. 2011 Legislative Reapportionment Comm'n***, 38 A.3d 711 (Pa. 2012) also supports our analysis. (***See*** Concurring Statement, at 1 n.1). In ***Holt***, as in many other cases, the distinction drawn is between the scope of review, "what [we] examine," and the standard of review, "the degree of scrutiny to be applied." (***Id.***, at 728). ***See also Morrison v. Commonwealth, Dept. of Public Welfare, Office of Mental Health (Woodville State Hosp.)***, 646 A.2d 565 (Pa. 1994):

"Scope of review" and "standard of review" are often-albeit erroneously-used interchangeably. The two terms carry distinct meanings and should not be substituted for one another. "Scope of review" refers to "the confines within which an appellate court must conduct its examination." ***Coker v. S.M. Flickinger Company, Inc***., 533 Pa. 441, 450, 625 A.2d 1181, 1186 (1993). In other words, it refers to the matters (or "**what**") the appellate court is permitted to examine. In contrast, "standard of review" refers to the manner in which (or "**how**") that examination is conducted. In ***Coker*** we also referred to the standard of review as the "degree of scrutiny" that is to be applied. ***Id.***, 625 A.2d at 1186.

***Id.***, at 570 (emphases added).

In this appeal, as in ***Cartrette***, the scope of review is the "what:" *viz.*, in ***Cartrette***, the sentencing claim; here, the weight claim. "How" we review the weight claim (the degree of scrutiny) is our standard of review, which we have correctly enunciated.

accomplish rehabilitation and not sufficient to deter against future antisocial conduct.

Moreover, the Commonwealth need only make this showing by a preponderance of the evidence.[FN3]

_____

FN3. The "preponderance of the evidence" is the lowest burden of proof in the administration of justice, and it is defined as the greater weight of the evidence, *i.e.*, to tip a scale slightly in one's favor.

*Commonwealth v. Ortega*, 995 A.2d 879, 886 (Pa. Super. 2010), *appeal denied*, 20 A.3d 1211 (Pa. 2011) (citations omitted).

Preliminarily, in this appeal, we note that Appellant's assumed equivalency between a verdict and a revocation of probation is unsupported by any reference to controlling authority. (**See** Appellant's Brief, at 10-11; **see also** Commonwealth's Brief, at 7). Furthermore, it patently disregards our standard and scope of review. **See Simmons**, **supra** at 1286-87.

Moreover, citing **Commonwealth v. Marchesano**, 544 A.2d 1333, 1336 (Pa. 1988), a collateral appeal, (the only case cited by Appellant in his argument), Appellant concedes that "the evidentiary bar may be lower and liberally applied in probation-revocation proceedings[.]" (Appellant's Brief, at 10).

Nevertheless, Appellant maintains that the court revoked his probation on "innocuous and less-than-competent evidence." (**Id.** at 10). However, aside from the bare invocation of general constitutional principles and a quotation from Pennsylvania Rule of Evidence 602, he fails to develop an

argument supported by pertinent authority in support of his specific weight claim. (*See id.* at 10-11).

Notably, Appellant complains that the revocation court admitted testimony about the polygraph results even though the polygraph examiner did not testify. (*See id.* at 10). But he fails to address the fact that at the revocation hearing, defense counsel agreed to the admission of a letter disclosing the polygraph results for the limited purpose of explaining its role in his discharge. (*See* N.T. Hearing, 2/12/13, at 6).

At the hearing, Appellant admitted possession of the prohibited cell phone and steak knife. (*See* N.T. Hearing, 3/12/13, at 5) ("Yes, I did have those, Your Honor."). However, on appeal he argues they were only "common, everyday household items." (Appellant's Brief, at 11). Appellant has failed to develop an argument supported by pertinent citation of authorities on his weight claim. Accordingly, the weight of the evidence issue is waived. *See* Pa.R.A.P. 2119(a), (b).

Moreover, even if properly developed, his weight claim would not merit relief. In the context of a violation of parole, this Court has explained:

> We find no authority for appellant's assumption that a challenge to the weight of the evidence may properly be entertained on appeal from parole revocation by the trial court. It is clear that such a challenge is not available from parole revocations entered by the Pennsylvania Board of Probation and Parole. Moreover, regardless of whether such challenges may be raised from common pleas court parole revocations, we do not find that the alleged conflicts in the juvenile witnesses' testimony render the finding of technical parole violations contrary to the weight of the evidence. Rather, the conflicts raised issues of

credibility which were for the finder of fact to resolve.  We find no abuse of discretion in this respect.

***Commonwealth v. McDermott***, 547 A.2d 1236, 1246 (Pa. Super. 1988) (citations omitted).

Here, we discern no basis on which to distinguish this explanation of the applicable law merely on the basis that probation, not parole, is at issue. Accordingly, we adopt this reasoning as our own.

Moreover, a weight claim, even if it were reviewable, would not merit relief.

> In assessing the trial court's ruling [on a weight of the evidence claim], we must "review [ ] the trial court's exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence." ***Commonwealth v. Smith***, 604 Pa. 126, 985 A.2d 886, 888 (2009).  The fact-finder is free to believe all, part, or none of the evidence; an appellate court will not make its own assessment of the credibility of the evidence. ***Commonwealth v. Ramtahal***, 613 Pa. 316, 33 A.3d 602, 609 (2011).  "The trial court will only award a new trial when the jury's verdict is so contrary to the evidence as to shock one's sense of justice." ***Id.***  In turn, we will reverse a trial court's refusal to award a new trial only when we find that the trial court abused its discretion in not concluding that the verdict was so contrary to the evidence as to shock one's sense of justice.  In effect, "the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." ***Id.***

***Commonwealth v. Olsen***, 82 A.3d 1041, 1049 (Pa. Super. 2013).

In this case, as in ***McDermott*** and ***Olsen***, questions of credibility were for the revocation court to decide as the finder of fact.  The court assessed the credibility of Supervising Agent Waugaman, Forensic Case Manager DeAngelis and Mercy Health Program Manager Lukas, "and found

them all to be credible." (Trial Court Opinion, at 5). The court also found Appellant's testimony "to be not credible." (**Id.**). We will not disturb the court's credibility determinations. The court's revocation was proper.

We conclude that the court properly determined that Appellant had violated his probation, by a preponderance of the evidence. Moreover, Appellant's weight claim is waived and would not merit relief. Even if the claim were reviewable, we would conclude that the court properly revoked Appellant's probation. We discern no basis on which to conclude that the court abused its discretion in denying relief.

Judgment of sentence affirmed.

Olson, J., concurs in the result.

Donohue, J., files a Concurring Statement in which Judge Olson joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2014