J-S74045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RODNEY LEGGETT | : | |
| | : | |
| Appellant | : | No. 213 EDA 2018 |

Appeal from the PCRA Order July 25, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002638-2012

BEFORE:  LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **Filed March 19, 2019**

Rodney Leggett appeals from the order denying his petition for relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Leggett asserts his trial counsel was ineffective for failing to call three witnesses to testify at trial. We affirm on the basis of the PCRA court's opinion.

The trial court convicted Leggett in 2013 of violating the statute delineating persons not to possess firearms. **See** 18 Pa.C.S.A. § 6105(a)(1). The PCRA court's opinion recounts the evidence presented at trial, and we need not restate it here. **See** PCRA Court Opinion, filed 8/23/18, at 2 (quoting **Commonwealth v. Leggett**, 100 A.3d 302 (Pa.Super. 2014) (unpublished memorandum)). Suffice it to say, Leggett protested that the firearm the police found in his apartment did not belong to him, as the police found it in a room rented by Robert Whaley, a fact that Leggett asserts was evidenced by the testimony of his friend, Latifah Cade. Leggett appealed his conviction on the

basis that the verdict was unsupported by sufficient evidence. We affirmed Leggett's judgment of sentence, noting that other evidence, such as the police officer's testimony that he observed Leggett leave the room were the firearm was found just prior to the search, was sufficient to prove Leggett constructively possessed the firearm. The Supreme Court denied review.

Leggett filed a timely first PCRA petition. The PCRA court appointed counsel, who filed an amended petition asserting that Leggett's trial counsel was ineffective for failing to call three additional witnesses, including Whaley, to testify that Whaley rented the room where the police found the firearm.

The court held a hearing, at which Leggett testified that he had spoken with the witnesses prior to trial, and they had agreed to testify on his behalf; he told his trial counsel of their existence, and counsel said he would contact the witnesses; and, at trial, counsel told Leggett that he "couldn't get in touch with" the witnesses. N.T., 7/25/17, at 9. Leggett also testified that the witnesses were no longer willing to testify on his behalf. The parties entered a stipulation that Leggett's trial counsel would have testified at the PCRA hearing that he recalls representing Leggett; he investigated potential witnesses during the course of his representation; he cannot recall the three potential witnesses to which Leggett now refers; and "his standard practice is to call willing and available witnesses whose testimony would aid the defense." *Id.* at 13. The PCRA court denied relief.

Leggett appealed, and presents the following issue:

Did the lower court err in denying [Leggett]'s PCRA petition where [Leggett] testified that three witnesses were willing to testify on his behalf but were never contacted by trial counsel?

Leggett's Br. at 3.

Our review of denial of PCRA relief "is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Medina**, 92 A.3d 1210, 1214 (Pa.Super. 2014) (quoting **Commonwealth v. Koehler**, legal 36 A.3d 121, 131 (Pa. 2012)). We are bound by any credibility determinations made by the PCRA court and supported by the record, but apply a *de novo* standard of review to the PCRA court's legal conclusions. **Id.** at 1214-15.

"Counsel is presumed effective, and [a petitioner] has the burden of proving otherwise." **Commonwealth v. Brown**, 161 A.3d 960, 965 (Pa.Super. 2017). To overcome this presumption, a petitioner must plead and prove that: "(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness." **Commonwealth v. Paddy**, 15 A.3d 431, 442 (Pa. 2011) (citation omitted). Specifically, when an ineffectiveness claim is premised on counsel's failure to present a witness, the petitioner must demonstrate that: "(1) the witness existed; (2) counsel was either aware of or should have been aware of the witness's existence; (3) the

witness was willing and able to cooperate on behalf of the defendant; and (4) the proposed testimony was necessary to avoid prejudice to the defendant." ***Commonwealth v. Tharp***, 101 A.3d 736, 757 (Pa. 2014) (quoting ***Commonwealth v. Bryant***, 855 A.2d 726, 746 (Pa. 2004)). To establish prejudice, a petitioner must prove that "there is a reasonable probability that the outcome of the proceedings would have been different had counsel not been ineffective in the relevant regard." ***Commonwealth v. Dennis***, 950 A.2d 945, 954 (Pa. 2008). Failing to satisfy even one of these factors requires this Court to reject the ineffectiveness claim. ***Id.***

In its Rule 1925(a) opinion, the PCRA court explained that Leggett had failed to establish that his trial counsel did not attempt to produce the three witnesses at trial. The court pointed to Leggett's own testimony that counsel had said he had been unable to contact the witnesses, the stipulation that counsel would have testified that he had investigated all potential witnesses, and Leggett's failure to produce the witnesses at the PCRA hearing. PCRA Ct. Op. at 7.

The court also determined that even if the witnesses had testified at trial, "additional witness testimony as to who rented the back bedroom would [not have] changed [the trial court]'s finding that [Leggett] constructively possessed the rifle." ***Id.*** at 6. The PCRA court observed that trial judge, as finder of fact, had already considered Cade's trial testimony that Leggett did not rent the back room, and found it "did not refute the fact that the Commonwealth proved [Leggett] had full access to the back bedroom[.]" ***Id.***

After a review of the parties' briefs, the certified record, and the relevant law, we find no abuse of discretion or error in the PCRA court's analysis. We thus affirm on the basis of the well-reasoned opinion of the Honorable Charles A. Erlich, which we adopt and incorporate herein. *See* PCRA Ct. Op. at 5-8.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/19/2019

**FILED**

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
2018 AUG 23 PM 3:25 FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
OFFICE OF JUDICIAL RECORDS TRIAL DIVISION – CRIMINAL SECTION
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT
OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
    :     CP-51-CR-0002638-2012
    :
v.     :
    :     SUPERIOR COURT
Rodney Leggett     :     NO. 213 EDA 2018

OPINION

CP-51-CR-0002638-2012 Comm. v. Leggett, Rodney
Opinion

||| ||||| ||| || |||| | ||||| ||||
8154108741

Ehrlich, J.

Rodney Leggett, hereinafter referred to as Appellant, filed an appeal from this Court's Order of July 25, 2017 granting the Commonwealth's Motion to Dismiss his Amended Petition, which had sought relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541 *et seq.*

Factual and Procedural History

On February 11, 2013 appellant was found guilty following a bench trial before the Honorable Chris R. Wogan, now retired, of violating 18 Pa.C.S. §6105(a)(1), felon not to be in possession of a firearm. On April 9, 2013, appellant was sentenced by Judge Wogan to 56-120 months incarceration. Appellant appealed and his conviction and sentence were affirmed by our Superior Court in a memorandum decision filed on March 10, 2014.[1]

---

[1] 1176 EDA 2013

The Superior Court's opinion summarized the evidence at trial as follows:

"On February 12, 2012, Philadelphia police detectives executed a search warrant for the property at 6100 Callowhill Street in Philadelphia. The police had received information from a person that Shakeriah Curry, a resident of the second floor apartment at that address was illegally obtaining cable television and having the serviced billed to the complainant. The complainant also indicated that the defendant, Rodney Leggett was a resident of the same second floor apartment.

When Detectives John Leinmiller and Gilson served the warrant, Detective Leinmiller looked through the small window in the front door of the building. He observed Leggett come to the front door from the upstairs hallway. After entering the residence, he determined that the only place Leggett could have come from was the back second-floor bedroom. Despite initially acting in an irate manner, Leggett allowed the police to enter. However, because of his initial reaction to the police presence, it was necessary to handcuff Leggett to insure the detectives' safety.

In addition to Leggett, there were two or three adult women in the apartment, as well as some children in the back bedroom. The children were watching television. While searching the back bedroom, in plain view on a bedside table, detective Leinmiller observed 13 red gauge shotgun shells. Under the bed, the detective found a .22 caliber rifle, loaded with 11 live rounds of ammunition; 10 rounds were in a magazine and one was in the chamber. There were also two boxes of .22 caliber ammunition under the bed, containing a combined 84 live rounds. Additionally, the police found a Comcast bill addressed to Leggett at the Callowhill address.[Footnote 6: the Comcast bill was introduced to show proof of residency. Leggett did not dispute the fact that he lived there.] Counsel stipulated that Leggett had been convicted of a felony and was ineligible to possess a firearm.

In his defense, Leggett presented the testimony of Latifah Cade, who testified that Leggett was her best friend. Additionally, she testified she had been temporarily living at the Callowhill residence, in the front bedroom with Leggett and his girlfriend, Curry. She claimed that Curry had rented the back bedroom to a person named Robert Whaley and that she was present when Curry accepted money from Whaley and provided him with receipts. [Footnote 7: Police found a letter addressed to Whaley during their search, however the address was different. Detective Leinmiller testified he checked Whaley's address and determined that he did not live at the Callowhill address]. Although she had never seen the rifle prior to the police finding it, she believed it belonged to Whaley. [Footnote 8: Although Detective Leinmiller did not identify to whom the gun was registered, he testified that it was not registered to either Leggett or Whaley]. Cade testified that at the time the rifle was found, she told the detectives that the gun belonged to Whaley. Detective Leinmiller testified that he had not been so informed. Neither Whaley nor Curry testified at trial."

*Commonwealth v. Leggett*, 1176 EDA 2013, 03/10/2014 (memorandum decision), pp. 1-4.

The only error raised by appellant on direct appeal was whether there was sufficient evidence to support his conviction for possession of the rifle. The Superior Court, guided by their decision in *Commonwealth v. Aviles*, 615 A.2d 398,(Pa. Super. 1992) affirmed the trial court's decision and found that the evidence presented at trial proved that appellant had constructive possession of the rifle.[2] In so finding, our Superior Court, noted that:

> "Leggett was a resident of the address and received mail there. As the police waited outside for someone to answer the door, they witnessed Leggett coming from the area of the back bedroom. The back bedroom was open and occupied by children at the time the police searched the residence. Shotgun ammunition was plainly visible on a side table in the back bedroom. A loaded .22 caliber rifle and 84 extra rounds of .22 caliber ammunition were found in the back bedroom, under the bed.
>
> The trial court made no specific finding regarding whether Whaley had rented the room. However, the trial court noted that as a resident of the apartment, the fact that the back bedroom was open and accessible to anyone, occupied by children, Leggett was seen leaving the back bedroom area and Whaley was not present (as far as the record reveals he was never present at all), gave rise to the permissible presumption that Leggett had access to the back bedroom. Additionally, the trial court noted that the plainly visible ammunition demonstrated the likelihood that Leggett was aware of the firearm."

*Commonwealth v. Leggett*, 1176 EDA 2013, 03/10/2014 (memorandum decision), p. 6.

Thereafter, appellant filed a timely Petition for Allowance of Appeal with the Supreme Court of Pennsylvania, which was denied by Order dated August 5, 2014.

Appellant then filed a timely pro se petition for relief pursuant to the Post Conviction Relief Act. Peter A. Levin, Esquire, who was subsequently appointed to represent the appellant, filed an Amended PCRA petition on May 2, 2016. On November 26, 2016, the undersigned trial judge, Charles A. Ehrlich, by Administrative Order, was reassigned this PCRA matter, replacing Judge Wogan, who had retired from the bench. On February 28, 2017, the Commonwealth filed a Motion to Dismiss appellant's amended petition.

---

[2] *Commonwealth v. Leggett*, memorandum decision, p. 6

3

This court carefully reviewed appellant's amended petition and the Commonwealth's Motion to Dismiss, and independently reviewed the entire record, and after a hearing and considering the arguments of counsel, dismissed appellant's Amended PCRA Petition on July 25, 2017. Petitioner then filed a timely appeal of this court's Dismissal Order to the Superior Court.

In appellant's collateral attack of his conviction he avers the following:

**Did the lower court err in denying defendant's PCRA petition where the defendant testified that three witnesses were willing to testify on his behalf but were never contacted by trial counsel?**

Appellant's Pa.R.A.P. 1925(b) Statement.

## Standard of Review

The law presumes that counsel was effective, and therefore Petitioner carries the burden of proving that counsel was ineffective. *Commonwealth v. Baker,* 614 A.2d 663, 673 (Pa. 1992). Therefore, when a claim of ineffective assistance of counsel is made, it is the petitioner's burden to prove such ineffectiveness; that burden does not shift. *Commonwealth v. Cross,* 535 Pa. 38, 634 A.2d 173, 175 (1993), *cert. denied,* 513 U.S. 833 (1994); *Commonwealth v. Marchesano,* 519 Pa. 1, 544 A.2d 1333, 1335–36 (1988). To establish ineffectiveness under the PCRA, a Petitioner must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without any reasonable basis designed to effectuate his or her client's interest; and (3) that he or she was prejudiced by counsel's ineffectiveness. *Commonwealth v. Kimball,* 724 A.2d 326, 333 (Pa. 1999); *Commonwealth v. Lauro,* 819 A.2d 100, 105–106 (Pa. Super. 2003). Prejudice in the context of ineffective assistance of counsel means establishing that there is a reasonable probability that, but for counsel's alleged errors, the outcome of the trial would have been different. *Commonwealth v. Bond,* 572 Pa. 588, 603, 819 A.2d 33, 42 (2002). Counsel is

4

never ineffective for failing to make a frivolous objection or motion. *Commonwealth v. Groff*, 514 A.2d 1382, 1386 (Pa. Super. 1986), *appeal denied*, 531 A.2d 428 (Pa. 1987); *Commonwealth v. Davis*, 459 A.2d 1267, 1271 (Pa. Super. 1983). Failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Hudson*, 820 A.2d 720, 726 (Pa. Super. 2003).

Moreover, ineffectiveness only occurs where the alternative not selected offered a potential for success substantially greater than the tactics used by counsel. Where it is clear that allegations of ineffectiveness of counsel are baseless or meritless, then an evidentiary hearing is unnecessary and the unfounded allegations should be rejected and dismissed. *Commonwealth v. Clemmons*, 479 A.2d 955, 957 (Pa. 1984).

## DISCUSSION

### *Failure to Contact Witnesses Who Were Willing to Testify on Appellant's Behalf*

Appellant contends that his trial counsel was ineffective for failing to contact three witnesses, namely, Shakeriah Curry, Tyiecha Curry and Robert Whaley. Appellant argues that if presented during trial, these witnesses would have testified that appellant "had nothing to do with the back room and that he had nothing to do with the firearms."[3] At the PCRA hearing appellant testified that although he lived in the subject house, he did not live in the particular bedroom where the rifle and ammunition were found by the police.[4] Appellant testified that both Shakeriah Curry

---

[3] Appellant's Amended PCRA Petition at p. 9
[4] PCRA Hearing, July 25, 2017, p. 10

5

and Tyiecha Curry would have testified that appellant had "nothing to do with that back bedroom" and that Robert Whaley would have testified that he was the one renting the bedroom.[5]

As stated above, appellant must prove all three prongs for counsel to be deemed ineffective. *Lauro, supra* at 105-106. Appellant contends that he has satisfied the third prong, prejudice, arguing that had these witnesses testified, it would have then been left to the trier of fact [Judge Wogan] to decide if their testimony rebutted the Commonwealth's case. As *Kimball* and *Lauro*, supra, instruct, appellant must prove that but for counsel's alleged errors, the outcome of the trial would have been different. However, Judge Wogan, in his Pa. R.A.P. 1925(a) opinion discredited appellant's attempt at trial to establish that a "Robert Whaley" had rented the back bedroom from appellant's girlfriend as testified to by appellant's "best friend" Latifah Cade.[6] Judge Wogan, in citing, *Commonwealth v. Aviles*, 419 Pa.Super 345, 355, 615 A.2d 39 (1992) and *Commonwealth v. Parsons,* 391 Pa.Super 273, 570 A.2d 1328 (1990) opined that despite the appellant's argument that he did not rent the back bedroom, the commonwealth had still proven that appellant had constructive possession of the rifle. As Judge Wogan opined:

**Nevertheless, this testimony did not refute the fact that the Commonwealth proved the defendant had full access to the back bedroom as set forth above.**

Trial Court Opinion, Judge Wogan, July 12, 2013, p. 5-6

Therefore, since the trial court based its finding of appellant's guilt on constructive possession rather than actual possession, additional witness testimony as to who rented the back bedroom would have not have changed Judge Wogan's finding that appellant was in constructive possession of the rifle. Therefore, as appellant is unable to show that he was in fact prejudiced by

---

[5] *Id.* p. 11
[6] Trial Court Opinion, Judge Wogan, July 12, 2013, p. 5

6

counsel's alleged failure to present additional witnesses, his claim of ineffectiveness is without merit.

Further, appellant, at his PCRA hearing was unable to establish that trial counsel failed to contact and present these three additional witnesses. To the contrary, appellant testified at his PCRA hearing that trial counsel had in fact told him that he would contact these witnesses and then advised him prior to trial that he was not able to make contact with them.[7] Further, Judge Wogan, in his opinion, stated that defense counsel had advised the court at trial that he had been searching for one of those witnesses, Mr. Whaley, for a year and was unable to locate him.[8]

Moreover, there was a stipulation between the parties at the PCRA hearing that if trial counsel were called to testify he would have testified that although he had no particular recollection of the names of these three witnesses, he did investigate potential witnesses during his representation of appellant in this case, as he does with all cases.[9] Perhaps most telling was appellant's testimony that he himself was unable to produce any of these three witness to testify at his PCRA hearing.[10] Therefore, appellant has failed to prove his contention that trial counsel did not attempt to contact these witnesses.

Accordingly, appellant has failed to prove that his claim of ineffectiveness has arguable merit or that he was prejudiced. As such, his claim of ineffectiveness is without merit.

---

[7] PCRA Hearing, July 25, 2017, p. 9, p.12
[8] Trial Court Opinion, July 12, 2013, p. 5
[9] PCRA Hearing, July 25, p. 13
[10] *Id.* p. 12

## Conclusion

Petitioner has failed to demonstrate any basis for relief for his claim of ineffective assistance of counsel. In the absence of any meritorious challenge that can be found in the reviewable record, Petitioner has failed to articulate his allegations in accordance with the requisites of a claim predicated upon counsel's ineffectiveness. Therefore, no relief is due.

Accordingly, for the foregoing reasons, the dismissal of Petitioner's Petition for Post-Conviction Relief should be affirmed.

By the Court:

_____
DATE

_____
CHARLES A. EHRLICH,          J.

8