**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARREL HOUCK SHEELER | |
| Appellant | No. 990 MDA 2020 |

Appeal from the Judgment of Sentence entered June 29, 2020
In the Court of Common Pleas of Adams County
Criminal Division at No: CP-01-CR-0001060-2018

BEFORE: LAZARUS, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.: **FILED SEPTEMBER 08, 2021**

Appellant, Darrel Houck Sheeler, appeals from the June 29, 2020 judgment of sentence imposed in the Court of Common Pleas of Adams County, by which Appellant's parole was revoked and he was recommitted for back time of five months and 26 days. Appellant contends he was denied the right to a speedy violation of parole ("VOP") hearing in Adams County while he was incarcerated in Franklin County. Following review, we dismiss the appeal as moot.

In its Rule 1925(a) opinion, the trial court explained:

On February 11, 2019, Appellant pled guilty to [simple assault]. That same day, Appellant was sentenced to 6 to 12 months of partial confinement at the Adams County Adult Correctional Complex. The effective date of Appellant's sentence was August 9, 2018. [Appellant] was subsequently paroled within a few days after completing his minimum sentence as soon as a home plan was approved. On May 21, 2019, the Adams County Department

> of Probation Services filed a motion for revocation based on [five rule violations]. On June 29, 2020, Appellant acknowledged that he committed the violations, including a new felony criminal trespass, and this court revoked Appellant's parole and recommitted Appellant to the bad [*sic*] time of 5 months and 26 days with custody credit starting on May 24, 2020.

Rule 1925(a) Opinion, 10/28/20, at 1 (some capitalization omitted).

The court further explained that the May 21, 2019 revocation motion filed by the Adams County Probation Department was based on several parole violations, including the commission of new violations in Franklin County,[1] failure to notify probation of police contact, failure to complete community service, and failure to complete his drug and alcohol evaluation. *Id.* at 2-3.

On July 10, 2019, Appellant was convicted of criminal trespass in Franklin County (**see** n.1) and was sentenced to 12 to 24 months in state prison. He was incarcerated at SCI Chester until May 24, 2020, when he was paroled from the state sentence and was transferred to the Adams County Adult Correctional Complex. *Id.* at 3.

On June 29, 2020, the trial court conducted a **Gagnon II**[2] hearing. As reflected in the excerpt from the trial court's Rule 1925(a) opinion, Appellant acknowledged his parole violations. The court revoked his parole and

_____

[1] The charges included April 8, 2019 motor vehicle violations and, subsequently, May 14, 2019 felony charges of burglary and criminal trespass and a misdemeanor charge of theft. Rule 1925(a) Opinion, 10/28/2020, at 2 n. 1.

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

- 2 -

recommitted Appellant to five months and 26 days of back time that remained on his original sentence. The court acknowledged custody credit from May 24, 2020, the date on which he was first available to the Adams County court following his time at SCI Chester, and denied his petition for immediate re-parole.

On July 29, 2020, Appellant filed a timely *pro se* notice of appeal from his judgment of sentence. Counsel was appointed and both counsel and the trial court complied with Pa.R.A.P. 1925.

Appellant asks this Court to consider four issues in this appeal, arguing his due process rights were violated and he was denied his right to a speedy trial because 13 months elapsed between his alleged parole violation and his **Gagnon II** hearing despite the fact he was incarcerated and available during that time. **See** Appellant's Brief, Statement of Issues Presented, at 6-7. Before we consider Appellant's arguments, we first address whether this appeal should be dismissed as moot, as urged by both the Commonwealth and the trial court, because Appellant's sentence maxed out on November 19, 2020.

As the trial court recognized in its Rule 1925(a) opinion:

Appellant is currently on parole[3] and his sentence will max out on November 19, 2020, thus making this appeal moot as there will not be sufficient time for briefing by counsel or a decision by

_____

[3] On September 24, 2020, Appellant was re-paroled. **See** Trial Court Opinion, 10/28/20, at 3.

appellate authority prior to the expiration of the sentence. Appellant is not entitled to relief on any of the issues raised. . . . Appellant can accomplish nothing from this appeal, and any merit Appellant's claims may have on their surface will become moot on November 19, 2020.

*Id.* at 3-4 (some capitalization omitted).

In *Commonwealth v. Dennis*, 164 A.3d 503 (Pa. Super. 2017), this Court reiterated that, "[a]s a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot."

*Id.* at 505 (citation omitted). Further,

[a]n issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. . . . An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

*In the Interest of N.C.*, 171 A.3d 275, 279-80 (Pa. Super. 2017) (citation omitted). However, in *Dennis*, this Court also reiterated that it will decide questions otherwise rendered moot when "the question presented is capable of repetition and apt to elude appellate review." *Dennis*, 164 A.3d at 505 (quoting *Commonwealth v. Nava*, 966 A.2d 630, 633 (Pa. Super. 2009)).

In *Dennis*, the appellant entered a guilty plea to DUI. Sentencing was scheduled but the appellant was required to undergo, *inter alia*, a pre-sentence drug and alcohol assessment. However, he was financially unable to pay the $100 Allegheny County preliminary fee for the assessment. As a result, he was incarcerated. Eventually, he was sentenced and filed an appeal asserting violations of his equal protection and due process rights because the

trial court incarcerated him prior to sentencing so the assessment could be conducted in prison. On appeal, we declined the Commonwealth's request to dismiss the appeal as moot because "Allegheny County requires the $100 fee in all cases, an assertion corroborated by the trial court, [and, therefore,] this issue is likely to reoccur and apt to elude our review." *Id.*

Appellant here suggests that *Dennis* is analogous because "Adams County revocation proceedings [based on commission of a new crime violation] and resulting in a defendant receiving a new and separate sentence, are generally continued until the defendant is paroled in the new matter." Appellant's Brief at 14. In the event the new crime results in a state sentence, a defendant may be subjected to additional restrictions within the State Correctional System. *Id.* at 14-15. Appellant contends that because Adams County generally continues *Gagnon II* hearings until the defendant is paroled, "Appellant's issue is likely to reoccur and apt to elude review of the higher court." *Id.* at 14-15. Therefore, he argues, even though Appellant's sentence expired on November 19, 2020, his issues on appeal are not moot.

We cannot agree. The $100 Allegheny County fee is required in every instance where a drug and alcohol assessment is ordered. By contrast, as even Appellant acknowledges, Adams County revocation proceedings are "**generally** continued until the defendant is paroled in the new matter[,]" Appellant's Brief at 14 (emphasis added), when those revocation proceedings are based on commission of a new crime. Appellant does not suggest that

- 5 -

every revocation proceeding is based on commission of a new crime or, more broadly, that a continuance occurs in every case. The instant situation is easily distinguished from the situation in *Dennis*. We do not find this issue is likely to reoccur or is apt to elude our review. Further, as the trial court noted:

> At no time during Appellant's incarceration in Franklin County or state prison, did Appellant's revocation counsel request to bring Appellant to Adams County to address the revocation matter. As a practical matter this court cannot track where every defendant on the various docket sheet is imprisoned or when they are released. Appellant was brought before this court once he was made available in Adams County.

Trial Court Opinion, 10/28/20, at 5 (some capitalization omitted). Moreover, our Supreme Court recently reiterated that it "has expressed a preference for deferring VOP proceedings until after the resolution of a defendant's new charges." *Commonwealth v. Mayfield*, 247 A.3d 1002, 1007 (Pa. 2021). That is exactly what happened here. Appellant was convicted of the new charges and incarcerated. He was re-paroled 12 months into his 12-24 month sentence and was returned to Adams County where the VOP hearing was scheduled within days. Although the hearing was postponed due to technical issues, it was conducted on June 29, 2020, only five weeks after he was paroled. His sentence expired on November 19, 2020. Therefore, Appellant cannot gain any relief from this appeal and any merit that his claims might otherwise have had became moot at that time.

Even if not moot, Appellant would not succeed on the merits of his claims. Importantly, Appellant has failed to demonstrate prejudice beyond an

assertion that "[h]is personal liberty was unduly restrained when he was denied parole on April 10, 2020 and remained incarcerated for 6 more weeks." Appellant's Brief at 24. As this Court stated in ***Commonwealth v. Christmas***, 995 A.2d 1259 (Pa. Super. 2010):

> To demonstrate a violation of his right to a speedy probation revocation hearing, a defendant must allege and prove the delay in holding the revocation hearing prejudiced him. There is no *per se* rule of prejudice for technical violations of the Rules of Criminal Procedure. ***Commonwealth v. Marchesano***, 519 Pa. 1, 7–8, 544 A.2d 1333, 1336–37 (1988) (holding defendant cannot establish prejudice merely by alleging court held probation revocation hearing after defendant's period of probation expired). . . .
>
> Prejudice in this context has been interpreted as being something which would detract from the probative value and reliability of the facts considered, vitiating the reliability of the outcome itself. One specific purpose of our rule in requiring a prompt revocation hearing is to avoid such prejudice by preventing the loss of essential witnesses or evidence, the absence of which would contribute adversely to the determination. Another is to prevent unnecessary restraint of personal liberty. ***Id.*** at 7, 544 A.2d at 1336. If a defendant is already incarcerated on the charges that triggered the probation revocation, he cannot claim the delay in holding his revocation hearing caused him any loss of personal liberty. Likewise, where a conviction on new charges conclusively establishes the defendant's probation violation, the defendant cannot claim a delay in his VOP hearing prejudiced him because he lost favorable witnesses and evidence.

*Id.* at 1263-64 (citations omitted).[4]

> In the case before us, the trial court determined:
>
> At a minimum there was no prejudice to Appellant arising from the time he was in Franklin County Prison awaiting disposition of [new felony] charges. Appellant was first made available to this

---

[4] As noted above, Appellant admitted his probation violations.

jurisdiction when he was returned to Adams County on May 24, 2020 on his parole detainer. Once Appellant returned, the matter was immediately listed and the **Gagnon II** hearing occurred within 36 days.

Trial Court Opinion, 10/28/20, at 4-5 (footnote omitted). Although his VOP hearing did not take place until he was returned to Adams County after being paroled in Franklin County, Appellant has failed to demonstrate any prejudice stemming from that delay. This is especially true because the Franklin County sentence stemmed from a charge that resulted in the revocation of his parole.

In conclusion, we agree with the Commonwealth and the trial court that the instant appeal is moot because Appellant's sentence has expired. As the court observed in its Rule 1925 opinion issued less than one month before the sentence expired, "[t]here will be no case or controversy for appellate authority to review as the facts of the case will change during the pendency of Appellant's appeal, with Appellant no longer serving the sentence in this case by the time it reaches the Superior Court for disposition." **Id.** at 4 (some capitalization omitted).

Appeal dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2021

- 8 -