J-S46040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEROME PORTIS | : | |
| | : | |
| Appellant | : | No. 2233 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 21, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012464-2014

BEFORE: PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED SEPTEMBER 24, 2019**

Appellant, Jerome Portis, appeals from the judgment of sentence of four to eight years of confinement followed by five years of probation which was imposed after the revocation of his initial sentence of probation for: manufacture, delivery, or possession with intent to manufacture or to deliver a controlled substance ("PWID"); conspiracy to commit PWID; and fleeing or attempting to elude police officer.[1] We affirm on the basis of the trial court opinion.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case. *See* Trial Court Opinion, filed

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. § 903, and 75 Pa.C.S. § 3733(a), respectively.

February 13, 2019, at 1-5. Therefore, we have no reason to restate them.

We briefly note that Appellant filed a timely post-sentence motion to reconsider sentence, which the trial court denied, and a timely notice of appeal.[2]

Appellant presents the following issue for our review:

Whether the sentencing court erred as a matter of law and abused its discretion when, following a revocation of probation for technical violations, the sentencing court imposed a sentence of four to eight years' incarceration followed by five years' probation where this sentence was manifestly excessive and unreasonable, based on factors not supported by the evidence, surpassed what was required to protect the public, and failed to comply with the requirements of 42 Pa.C.S. § 9771(c).[[3]]

Appellant's Brief at vii.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in

_____

[2] Appellant filed his statement of errors complained of on appeal on October 22, 2018. The trial court entered its opinion on February 13, 2019.

[3] Total confinement may be imposed only if:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Manivannan***, 186 A.3d 472, 489 (Pa. Super. 2018) (quotation marks and some citations omitted), *reargument denied* (July 7, 2018).

In the current case, Appellant filed a timely notice of appeal, preserved his issue in a post-sentence motion, and included a statement in his brief pursuant to Pa.R.A.P. 2119(f). Appellant's Brief at xiv-xvii.

The final requirement, whether the question raised by Appellant is a substantial question meriting our discretionary review, "must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Manivannan***, 186 A.3d at 489 (quotation marks and some citations omitted).

Appellant's Rule 2119(f) statement alleges that the trial court erred in its application of a specific provision of the Sentencing Code, 42 Pa.C.S. § 9771(c), and that Appellant's sentence of total confinement followed by probation is manifestly excessive. Appellant's Brief at xv-xvi. Both these issues present substantial questions for our review. ***See Commonwealth***

*v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006) (appellant "presented a statement of reasons for allowance of appeal arguing that the court erred in its application of section 9771 and that his sentence of total confinement and 36 years of probation were manifestly excessive"; this Court "conclude[d] that both these issues present substantial questions for [its] review").[4]

Before we proceed to the merits of Appellant's claim, we observe that Appellant's Rule 2119(f) statement additionally included an allegation that the trial court "relied on improper factors which were not supported by the evidence . . . in determining sentence" but does not elaborate in his Rule 2119(f) statement on what those factors were. Appellant's Brief at xvi. "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists. It is settled that this Court does not accept bald assertions of sentencing errors." *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted). As we cannot look beyond the Rule

_____

[4] Although we find that Appellant's Rule 2119(f) statement presents a substantial question, we note that Appellant's reliance therein on *Commonwealth v. Wilson*, 946 A.2d 767, 771 n.6 (Pa. Super. 2008), is baffling, as that case involved an appeal by the **Commonwealth**, pleading "that the trial court imposed an excessively **lenient** sentence and did not justify its sentence with sufficient reasons raises a substantial question in this case" (emphasis added). This argument appears to be antithetical to Appellant's contention in his Rule 2119(f) statement that his sentence was excessively severe; Appellant also does not suggest that the trial court failed to justify his sentence with sufficient reasons. *See* Appellant's Brief at xiv-xvii.

2119(f) statement to other parts of Appellant's brief in order to determine what these "improper factors which were not supported by the evidence" may be, we cannot accept Appellant's bald assertion and thus cannot find a substantial question based upon this allegation. Accordingly, we need only address the merits of Appellant's challenges to the discretionary aspects of his sentence pursuant to 42 Pa.C.S. § 9771(c) and his claim of manifest excessiveness and disproportionality.[5]

We have frequently noted that we review the imposition of sentence following the revocation of probation only to determine whether there was an abuse of discretion:

---

[5] Assuming we were to address Appellant's assertion that the trial court considered factors not in evidence when sentencing him, we would observe that the trial court explained that it did not consider anything outside the record, as Appellant had agreed to incorporate into the record of evidence from his violation hearings and from reports prepared by Appellant's assigned probation officer, thereby waiving the need for live testimony at the sentencing hearing. Trial Court Opinion, filed February 13, 2019, at 3, 10.

To the extent that Appellant is arguing that the trial court "relied on improper factors which were not supported by the evidence in finding him in violation[,]" Appellant's Brief at xvi, Appellant does not include any challenge to the trial court finding Appellant in violation of his probation in his statement of the questions involved – only to the sentence imposed following the revocation of his probation. Appellant's Brief at vii. "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a); *see also* **Radecki**, 180 A.3d at 468. Accordingly, we cannot consider the propriety of the underlying revocation, and we need only address challenges to the discretionary aspects of Appellant's sentence.

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment – a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Allshouse*, 33 A.3d 31, 37 (Pa. Super. 2011) (quoting *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000)); *see also Commonwealth v. Lekka*, 2019 PA Super 155, *8 (filed May 10, 2019) (standard of review for any challenge to discretionary aspects of sentencing, not just pursuant to probation revocation, is also that the "sentence will not be disturbed on appeal absent a manifest abuse of discretion").

Where probation is ineffective as a rehabilitative tool, a more severe sentence, up to and including total incarceration, is often warranted and appropriate. *See Sierra*, 752 A.2d at 913; *Commonwealth v. Smith*, 669 A.2d 1008, 1011 (Pa. Super. 1996).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Anne Marie B. Coyle, we conclude Appellant's challenges merit no relief. The trial court opinion comprehensively discusses and properly disposes of those questions. *See* Trial Court Opinion, filed February 13, 2019, at 4, 10–15 (finding: the sentence was not manifestly excessive, when the trial court merely imposed concurrent sentences of confinement followed by a

probationary supervision period after Appellant repeatedly violated the terms of his probation and when the court could have imposed a term of total confinement of up to 47 years, *i.e.*, the maximum sentencing alternative available to the court at the time of initial sentencing;[6] Appellant's behavior was an affront to the court's authority, 42 Pa.C.S. § 9771(c)(2); Appellant is likely to commit another crime and is at risk for recidivism, with a criminal history showing he has been committing crimes since he was a juvenile, **id.** § 9771(c)(3); Appellant was involved in the large scale distribution of heroin; the pre-sentence report reflected that Appellant previously sold cocaine; Appellant gave a false address to authorities; Appellant's repeated drug screens reflected his continuing use of narcotics, and Appellant misrepresented prescriptions to hide this illegal drug use; "Appellant had well proven that probation was an ineffective rehabilitative vehicle and serve[d] as zero deterrence to his anti-social and criminal conduct"; confinement was the only way to protect the public; and, overall, Appellant "didn't do a single thing [he] was told to do despite the fact that [he] was given an unbelievable gift with [his initial] sentence" (citing N.T., 6/21/2018, at 20-24)).

---

[6] When probation is revoked, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing[.]" 42 Pa.C.S. § 9771(b).

Accordingly, the trial court did not abuse its discretion, and we affirm on the basis of the trial court's opinion. The parties are instructed to attach the opinion of the trial court in any filings referencing this Court's decision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/19

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA     :     CP-51-CR-0012464- 2014

         :

         :

         :

         :

v.          :

         :

         :     SUPERIOR COURT

JEROME PORTIS          :     NO. 2233 EDA 2018

FILED

FEB 13 2019

OPINION

Appeals/Post Trial
Office of Judicial Records

COYLE, J.                           FEBRUARY 13, 2019

I.     **FACTS and PROCEDURAL HISTORY**

On October 21, 2015, just before selection of a jury, Appellant, Jerome Portis, voluntarily and knowingly tendered a negotiated guilty plea to one ungraded felony count of Manufacturing, Delivering, or Possessing with Intent to Deliver a Controlled Substance[1], one ungraded felony count of Conspiracy- Manufacturing, Delivering, or Possessing with Intent to Deliver a Controlled Substance; [2] and one third degree felony count of Fleeing or Attempting to Elude Officer.[3] On that

---

[1] 35Pa. C.S.A. § 780-113 §§ (a)(30)

[2] 18 Pa. C.S.A. § 903 §§ C

1

same date pursuant to the negotiations and following submission of a thorough written and oral colloquy and waiver of presentence investigations reports, the Honorable Anne Marie B. Coyle, Judge of the Court of Common Pleas for the First Judicial District of Pennsylvania Criminal Division, hereinafter referred to as "this Court," imposed an aggregate sentence that included county confinement of eleven and one half (11 ½) months to twenty-three (23) months and a consecutive term of six (6) years of county supervised probation. Also pursuant to negotiations no parole was to be considered until completion of twenty-three (23) months of county custodial time. Credit for calculated custodial time was granted. Supervision was placed under the then strictly supervised Drug and Alcohol Unit of the County of Philadelphia Adult Parole and Probation Department.

To promote rehabilitation and prevent recidivism, Appellant was required to submit to drug and alcohol screening and home and vehicle checks for drugs and weapons, seek and maintain legitimate employment and pay fines and costs. At the very least, he was required to report and follow the rules and normal regulations set by the probation department that included accurate reporting of changes of residence. The underlying and accepted facts and circumstances that supported the plea stemmed from arrest following two year period investigation by multi-faceted forms of law enforcement of Appellant and others for participating in the wholesale distribution of large amounts of heroin across state lines and resulting Appellant's flight in a vehicle on the Interstate 95 highway with at least 140 grams of heroin valued in excess of $60,000.00 on or about September 16, 2014. The resulting negotiations were for sentences that were significantly below the recommended mitigated guidelines. Appellant was paroled due to custodial credit from time of arrest and began probation supervision on August 19, 2016.

---

[3] 75Pa. C.S.A. § 3733 §§ A

2

As the submitted and reviewed and incorporated GAGNON Summaries prepared by the assigned Probation Officer Joseph Adade reflected, Appellant had initially reported to the Philadelphia County Probation Department on August 22, 2016. Appellant reported that he had been living at a specific address in the state of Delaware with his mother. As a result, probation supervision was transferred to the Delaware State Adult Probation to accommodate him. As such he was required to comply with the rules set forth by the supervising probation of prescribed by the State of Delaware. Subsequently, however it became apparent that Appellant had not been living at the location he had claimed for an extensive period. He failed to report as directed to the probation office and tested positive for ingestion of legal substances including THC, as a Marijuana derivative, Valium and Percocet pills on multiple occasions. Appellant remained unemployed throughout the entire period of supervision.

Appellant produced suspect prescription scripts to his assigned probation officer to attempt to excuse his ongoing drug abuse. Those scripts submitted on February 8, 2018 had not covered any period during which he had tested positive for ingestion of percocets. After being referred by his probation officer to inpatient treatment, multiple home visits were unsuccessfully attempted. Appellant's actual whereabouts were unknown. An Absconder Warrant was finally prepared on April 4, 2018. Appellant was arrested pursuant to the outstanding warrant on April 13, 2018 and extradited to Philadelphia. Revocation was recommended.

After full and fair violation hearing, during which the largely uncontested data supplied within the GAGNON summaries was introduced into the record following Appellant's waiver of reading, this Court was satisfied that the probation officer's recommendation of revocation was

3

appropriate given the reported violations of the terms and conditions of the Order of Sentence which included: non-reporting; testing positive for illegal substances; misrepresenting legal residence, misrepresenting of prescriptions to hide illegal use of narcotics; non-compliance with refusal to obtain inpatient drug treatment; and failure to seek any form of legitimate employment. The violations were admitted but attempted to be excused as minimal type of infractions due to his longstanding drug abuse and addictions.

Following revocation of probation, this Court directed and subsequently reviewed the preparation of presentence investigative reports before the sentencing hearing. Mental health assessment was waived. Following a full and fair evidentiary hearing, this Court concluded that a term of state supervised confinement was necessary to vindicate the authority of the Court and deter future criminal conduct consistent with factors set forth in 42 Pa.C.S. § 9771.[4] On June 21, 2018, as to Count 1-Manufacturing, Delivering, or Possessing with Intent to Deliver a Controlled Substance,

---

[4] § 9771. Modification or revocation of order of probation

(a) General rule. -- The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

(b) Revocation. -- The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. *Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.* [emphasis added.]

(c) Limitation on sentence of total confinement. – The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

\*   \*   \*   \*

1974, Dec. 30, P.L. 1052, No. 345, § 1, effective in 90 days. Renumbered from 18 Pa.C.S.A. §1371 by 1980, Oct. 5, P.L. 693, No. 142, § 401(a), effective in 60 days. 42 Pa.C.S.A. § 9771. *See also* Pa.R.Crim.P. 1409.

4

Appellant was sentenced to a minimum term of four (4) years to eight (8) years of state supervised confinement followed by five (5) years of reporting probation, with credit accorded for custodial time served and rehabilitative conditions imposed. The same sentence was imposed upon Count-2- Conspiracy- Manufacturing, Delivering, or Possessing with Intent to Deliver a Controlled Substance to run concurrently with Count 1. A five year concurrently running period of probation was imposed upon Count 3- Fleeing or Attempting to Elude Officer.

Post-Sentence Motions were filed on June 29, 2018 solely seeking a reduction of sentence and citing the single claim of excessive sentence for admitted technical violations. A Motion For Bail Pending Appeal was filed on October 2, 2018. The Post-Sentence Motions were denied without hearing on October 3, 2018. A timely Notice of Appeal was filed on July 12, 2018. A Statement of Errors Complained of on Appeal pursuant to Pa. R.A.P. Rule 1925 (b) was ordered. On October 22, 2018, a Statement of Errors Complained of on Appeal was filed.

## II.   ISSUES ON APPEAL

Appellant raised the following issues verbatim on appeal:

1.     The trial court erred in finding Jerome Portis in violation of his probation because there was no testimony or evidence presented at the Gagon II hearing/revocation hearing which established that Mr. Portis violated his probation.

2.     To the extent that the Court considered any evidence of a violation of probation, the Court erred in presented the evidence to itself as there was no competent testimony or evidence presented because the Court did not hear from any live witnesses or receive probation reports into evidence.

3.     The Court abused its discretion in sentencing Mr. Portis to 4-8 years in state prison for minor technical violations, and the sentence imposed by the Court was clearly unreasonable, manifestly excessive, unnecessary to vindicate the authority of the Court and unconscionable.

5

## III. DISCUSSION

The scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation. Commonwealth v. Infante, 585 Pa. 408, 419, 888 A.2d 783, 790 (2005). In this Commonwealth, the trial court's authority to impose a term of probation has been set forth in the following manner: Whenever any person shall be found guilty of any criminal offense by verdict of a jury, plea, or otherwise, except murder in the first degree, in any court of this Commonwealth, the court shall have the power, in its discretion, if it believes the character of the person and the circumstances of the case to be such that he is not likely again to engage in a course of criminal conduct and that the public good does not demand or require the imposition of a sentence of imprisonment, instead of imposing such sentence, to place the person on probation for such definite period as the court shall direct, not exceeding the maximum period of imprisonment allowed by law for the offense for which such sentence might be imposed. 61 P.S. § 331.25.

Pennsylvania Rule of Criminal Procedure Rule 1409 provides: Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held as speedily as possible at which Appellant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole . . . . *See* Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Commonwealth ex rel. Rambeau v. Rundle, 455 Pa. 8, 314 A.2d 842 (1973); Commonwealth v. Davis, 234 Pa. Super. 31, 336 A.2d 616 (1975).

6

When imposing a sentence of total confinement after a probation revocation, the sentencing court is to consider the factors set forth in 42 Pa.C.S. § 9771.[5] Commonwealth v. Ferguson, 2006 PA Super 18, 893 A.2d 735, 737 (Pa. Super. 2006). Under 42 Pa.C.S. § 9771(c), a court may sentence a defendant to total confinement subsequent to revocation of probation if any of the following conditions exist: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court. *See also* Commonwealth v. Coolbaugh, 2001 PA Super 77, 770 A.2d 788 (Pa. Super. 2001).

The appellate courts have repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated: "A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter

---

[5] § 9771. Modification or revocation of order of probation

(a) General rule. -- The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

(b) Revocation. -- The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. *Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.* [emphasis added.]

(c) Limitation on sentence of total confinement. – The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

       *           *           *           *

1974, Dec. 30, P.L. 1052, No. 345, § 1, effective in 90 days. Renumbered from 18 Pa.C.S.A. §1371 by 1980, Oct. 5, P.L. 693, No. 142, § 401(a), effective in 60 days. 42 Pa.C.S.A. § 9771. *See also* Pa.R.Crim.P. 1409.

against future antisocial conduct." Commonwealth v. Infante, 585 Pa. 408, 421, 888 A.2d 783, 791 (2005); Commonwealth v. Burrell, 497 Pa. 367, 441 A.2d 744 (1982) *citing* Commonwealth v. Kates, 452 Pa. 102, 305 A.2d 701 (1973); Commonwealth v. Brown, 503 Pa. 514, 469 A.2d 1371, 1376 (1983). The Commonwealth need only make this showing by a preponderance of the evidence. Commonwealth v. A.R. 2010 PA Super 4, 990 A.2d 1 (Pa. Super. 2010).

The sound reason for the endowment of this neutral judicial authority and denial of prosecutorial discretion is rooted in the salient fact that a probation violation or revocation hearing is not a criminal prosecution; it does not require a criminal act, nor does it require proof beyond reasonable doubt. It simply necessitates an act, criminal or otherwise, committed or omitted by a defendant who has already been sentenced for a previous crime and who is serving a term of probation or parole.

As Pennsylvania's Supreme Court stated in *Commonwealth v. Mullins*, 591 Pa. 341, 918 A.2d 82, (2007) and has been reiterated numerous times by the Superior Court, including their decisions in *Commonwealth v. Mathis*, No. 1420 MDA 2014, 2015 WL 7302772, at *2 (Pa. Super. Ct. Apr. 13, 2015) and *Commonwealth v. Massi*, No. 98 EDA 2014, 2016 WL 2955577, at *2 (Pa. Super. Ct. May 19, 2016), a violation hearing differs from a trial, as probation and parole are not part of the criminal prosecution; the full panoply of rights due a defendant in a criminal trial does not apply at a violation hearing. *Mullins, supra.* citing *Commonwealth v. Holder,* 569 Pa. 474, 805 A.2d 499, 503 (2002) (plurality) (citing *Gagnon v. Scarpelli,* 411 U.S. 778, 781, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)). Probation revocation is not a second punishment for the original conviction, but rather is an integral element of the original conditional sentence, and thus does not violate the

8

Double Jeopardy Clause. *Id.*

Moreover, the *Mullins* Court stated that the primary concern of probation, as well as parole, is the rehabilitation and restoration of the individual to a useful life. *Id.* citing *Commonwealth v. Marchesano*, 519 Pa. 1, 544 A.2d 1333, 1336 (1988). It constitutes a suspended sentence of incarceration served upon such lawful terms and conditions as imposed by the sentencing court. *Id.* citing *Commonwealth v. Walton*, 483 Pa. 588, 397 A.2d 1179, 1184-85 (1979). It requires only "a truncated hearing by the sentencing court to determine whether probation remains rehabilitative and continues to deter future antisocial conduct." *Id.* citing *Holder*, supra. at 504. "[T]he purpose of the revocation hearing is simply to establish to the satisfaction of the judge who granted probation that the individual's conduct warrants his continuing as a probationer." *Id.* citing *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701, 710 (1973). The controlling consideration at a VOP hearing is "whether the facts presented to the court are probative and reliable and not whether traditional rules of procedure have been strictly observed." *Id.* citing *Marchesano*, at 1336 (citations omitted). "Such a hearing takes place without a jury, with a lower burden of proof, and with fewer due process protections." *Holder*, at 504 (citations omitted); *see also Kates*, at 710. Pursuant to 42 Pa. C.S.A. § 9771, following a hearing where the court must consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation, a court may revoke an order of probation upon proof of the violation of specified conditions of the probation.

Finally, under Pennsylvania law, a challenge to the validity of a sentence is a challenge to its legality. Commonwealth v. Isabell, 467 A.2d 1287 (Pa. 1983); Commonwealth v. Quinlan, 639 A.2d 1235 (Pa. Super. 1994), *appeal granted*, 659 A.2d 986 (Pa. 1995), *appeal dismissed as improvidently*

9

*granted*, 675 A.2d 711 (Pa. 1996). If a court does not possess statutory authorization to impose a particular sentence, then the sentence is illegal and must be vacated. Commonwealth v. Thier, 663 A.2d 225, 229 (Pa. Super. 1995), *appeal denied*, 670 A.2d 643 (Pa. 1996). If no statutory authorization exists for a particular sentence, then that sentence is illegal and subject to correction. Thier, *supra*. An illegal sentence must be vacated. Commonwealth v. Kratzer, 660 A.2d 102, 104 (Pa. Super. 1995), *appeal denied*, 670 A.2d 643 (Pa. 1996) *citing* Commonwealth v. Lee, 638 A.2d 1006 (Pa. Super. 1994).

The two related challenges to sufficiency of evidence supporting revocation asserted within the Statement of Errors demonstrated a complete ignorance of the transcribed record. Just before the conducting of the violation hearing following due notices given pursuant to Appellant had waived reading and thereby agreed to introduction of the factual evidence for technical violations reflected within the Gagnon I and III summaries which had been reviewed and incorporated into the record by this Court. Appellant waived the need for presentation of live testimony at the violation hearing. Appellant's non-compliance was admitted at the violation hearing and reiterated within the presentence investigative reports and at the sentencing hearing. Appellant's relatives also acknowledged during live testimony at the violation hearing. Moreover, zero challenges had been raised asserting insufficiency of evidence of violating behavior at any point. Similarly these assertions were not raised in any respect within the Post-Sentence Motions. Thus, they are deemed waived for appellate review and lacked any factual or legal merit.

As the claim of manifestly excessive sentence, this Court imposed an aggregate concurrently running sentence of relatively brief period of state supervised total confinement followed by

10

probationary supervision applied to each significant felony offense. Despite Appellant's argument to the contrary, the imposition of this sentence was not illegal and was clearly within the statutory power of the Court. Likewise, it was not until Appellant repeatedly violated the terms of probation with behavior that clearly demonstrated that probation was an ineffective tool for rehabilitation that the aggregate sentence of four (4) years to eight (8) years of confinement with credit for time served, was imposed.

Appellant, having violated the conditions of his probation, was placed in the same position that he was in at the time of his original conviction because this Court had the statutory authority to sentence Appellant to a term of total confinement up to forty-seven (47) years on the charges to which he had pled guilty. The imposition of total confinement upon revocation of Appellant's probation was not a second punishment for his criminal act, but was an integral element of the original conditional sentence. Consequently, this Court was well within its statutory power to sentence Appellant to a term of total confinement of four (4) to eight (8) years, with credit for time served, upon revocation of his probation and his claim has no merit. *See* Commonwealth v. Carver, 923 A.2d 495, 498 (Pa.Super.2007) (acknowledging technical violations, where flagrant and indicative of an inability to reform, can support revocation and imprisonment). Commonwealth v. Ortega, 2010 PA Super 87, ¶ 12, 995 A.2d 879, 884 (2010).

The Superior Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated: a probation violation is established whenever it is shown that the conduct of the probationer indicates that the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter

11

against future antisocial conduct. *See* Commonwealth v. Ortega, 995 A.2d 879, 886 (Pa.Super.2010). Here, Appellant had well proven that probation was an ineffective rehabilitative vehicle and serve as zero deterrence to his anti-social and criminal conduct.

For the crime of Manufacturing, Delivering, or Possessing with Intent to Deliver a Controlled Substance[6], an ungraded felony, the maximum penalty under the statute was twenty (20) years of confinement. Here, Appellant was sentenced appreciably under the statutory maximum and still within the recommended standard sentencing guideline ranges. Appellant was further granted the mercy of the Court when each confinement period for each felony offense sentence was directed to run concurrently with each other. Contrary to Appellant's argument, the Court did consider and contemplate Appellant's rehabilitative needs when determining an appropriate sentence. This Court duly identified the cogent reasons for the imposed sentences as follows:

> Well, you made multiple mistakes and sir, I do find that your behavior is an affront to the Court's authority. I do find that you are risk of recidivism and that you are likely to continue committing crimes in the future.
>
> As a result of that and as a result of the evaluations conducted of you and my review of the presentence investigative reports and my incorporation of the arguments of the Commonwealth, I note a number of things. Sir, your criminal history is indicative of someone who had been committing crimes since a juvenile. As a juvenile, five arrests, there adjudications, two commitments. Apparently those attempts to rehabilitate you did not work. As an adult, by this point in time, thirteen arrests, six convictions, six commitments, four revocations of supervision, five listed violations.
>
> At this point, sir, that this case came before me, you know you were involved with a large scale distribution of heroin. Heroin, which is frankly killing a generation of our kids, was your method of employment.
>
> Within your presentence investigative report, it reflects that you used to sell

---

[6] As these crimes occurred on September 16, 2014, the 7th Edition Sentencing Guidelines promulgated by the Pa. Commission of Sentencing applied.

cocaine around the age of eighteen. You failed to be where you said you were living. You weren't where you said you were living. People had to go find you to figure out where you were supposedly living. And no information that was provided to the probation department was credible and/or verified and frankly was contrary to their efforts and investigation into you.

Your positive drug screens reflect someone who is continuing to use narcotics, and guess what? Your illegal use of narcotics is a crime, albeit not charged. You exhibited zero effort to obtain and maintain legitimate employment. So I don't know how you were affording whatever narcotics you were purchasing for your use and/or whatever else you were doing with it.

Long story short you didn't do a single thing you were told to do despite the fact that you were given an unbelievable gift with this sentence. I have notations all over my file as to the what this case was about and what your involvement was, and I listened very carefully at the time the negotiations were given because I wasn't sure whether or not I would have even accepted them. But I was assured and it was given to the Court that all of the reasons that counsel just talked about your background were reasons for mitigation and mercy at the time. That will not be repeated.

So, you threw away the keys, sir and there's not a whole lot I can do about that because confinement is the only thing that's going to protect the public from you and I am going to state..."

(See Notes of Testimony June 21, 2018 pages 20-24.)

As previously stated, because this Court found him to be in technical violation of probation, the Court was permitted to sentence him to the same amount of time originally available to the Court. The Court did not err, nor abuse its discretion in fashioning this sentence and applied the factors cited within 42 Pa. C.S.A. § 9771 and followed the tenants of 234 Pa Code Rule 708[7] and

---

[7] Rule 708. Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition.

(A) A written request for revocation shall be filed with the clerk of courts.

(B) Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:

(1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; and

(2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

13

supporting sound appellate decisions dating back at least to the case of *Commonwealth v. Kates 452 Pa. 102, 111, 305 A.2d 701, 706 (1973).*[8] Appellant has not borne his burden of establishing that he

---

(C) Before the imposition of sentence,

(1) the defendant may plead guilty to other offenses that the defendant committed within the jurisdiction of the sentencing court.

(2) When such pleas are accepted, the court shall sentence the defendant for all the offenses.

(D) Sentencing Procedures

(1) At the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing.

(2) The judge shall state on the record the reasons for the sentence imposed.

(3) The judge shall advise the defendant on the record:

(a) of the right to file a motion to modify sentence and to appeal, of the time within which the defendant must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal; and

(b) of the rights, if the defendant is indigent, to proceed in forma pauperis and to proceed with assigned counsel as provided in Rule 122.

(4) The judge shall require that a record of the sentencing proceeding be made and preserved so that it can be transcribed as needed. The record shall include:

(a) the record of any stipulation made at a pre-sentence conference; and

(b) a verbatim account of the entire sentencing proceeding.

(E) Motion to Modify Sentence

A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period.

---

[8] In *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701 (1973), one of the defendants, Daisy Kates, was tried and convicted of aggravated assault and battery and a weapons offense. Kates was placed on probation for three years on the charge of aggravated assault and battery, and sentence was suspended on the weapons offense. Subsequently, Kates was arrested, and a probation revocation hearing was conducted. The hearing court concluded that based primarily on an incriminating statement attributed to Kates, Kates had committed a homicide. As a result, the hearing court revoked probation and imposed a term of imprisonment.

After imposition of sentence, a motion to suppress Kates' statement was granted and Kates was eventually found not guilty of homicide. On appeal from the revocation of probation, our Supreme Court affirmed the judgment of sentence and held: "There is no statutory restriction in this State that would prevent the court from holding a hearing where the alleged violation is the commission of an offense during the probationary period prior to the trial for the subsequent offense." Id., 452 Pa. 111, 305 A.2d at 706. In its discussion, the Supreme Court stated the following: "The basic objective of probation is to provide a means to achieve rehabilitation without resorting to incarceration. When it becomes apparent that the probationary order is not serving this desired end the court's discretion to impose a more

14

received an illegal sentence, since he has made no demonstration that this Court actually abused its sentencing discretion.

## IV.  CONCLUSION

In summary, this Court has carefully reviewed the entire record and finds no harmful, prejudicial, or reversible error and nothing to justify the granting of Appellant's request for relief in this case.  For the reasons set forth above, the Order and Judgement of Sentence entered on June 21, 2018 following Appellant's violations of probation should be affirmed.

BY THE COURT:

ANNE MARIE B. COYLE,    J.

---

appropriate sanction should not be fettered." Id., 452 Pa. at 115, 305 A.2d at 708.

15